UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-62044-CIV-ALTONAGA/Brown

JENNIFER GREEN,

      Plaintiff,

vs.

RJ BEHAR & COMPANY, INC.
and SALVADOR SUAREZ,

      Defendants.

_____/

**ORDER**

      **THIS CAUSE** came before the Court on Defendant, R.J. Behar & Company, Inc.'s Motion

for Partial Summary Judgment as to Plaintiff's Claim under the FMLA (Count "C") ("Motion")

[D.E. 36], filed on April 5, 2010.  The Court has carefully considered the parties' written

submissions, the record, and applicable law.

## I.  BACKGROUND

      This case arises from a series of events that culminated in the employment termination of

Plaintiff, Jennifer Green ("Green"), by Defendant, R.J. Behar & Company, Inc. ("R.J. Behar").

Green filed suit against R.J. Behar for retaliation (Count "A") and sex discrimination (Count "B")

under Title VII, 42 U.S.C. §§ 2000e-2-3; violation of the Family and Medical Leave Act ("FMLA"),

29 U.S.C. §§ 2601-2654 (Count "C"); assault (Count "D"); battery (Count "E"); and negligent

retention and supervision (Count "F").  (*See* Pl.'s Second Am. Compl. ("Complaint") [D.E. 25] ¶¶

40-68).  She also alleges assault and battery against Defendant, Salvador Suarez, an employee of R.J.

Behar.  (*See id.* ¶¶ 56-65).  Green's claim for violation of the FMLA (Count "C") is the sole focus

of the present Motion.

Case No. 09-62044-CIV-ALTONAGA/Brown

Green began her employment as a receptionist with R.J. Behar on March 6, 2006.  (*See id.* ¶¶ 7-8).  Green claims that shortly after starting her job and through January 7, 2009, she was subject to numerous incidents of unwanted touching and harassment by Suarez.  (*See id.* ¶¶ 13-27).  She complained to the company about Suarez's behavior on four occasions.  (*See id.* ¶ 28).  Subsequently, from February 20, 2009 until May 18, 2009, Green took a leave of absence from her employment for medical reasons.  (*See id.* ¶ 30).  During her absence, she filed a complaint with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.  (*See id.* ¶ 31).  Green alleges that upon her return from medical leave, R.J. Behar retaliated against her by moving her desk, removing her responsibilities and reassigning her to other tasks without adequate training, and denying her a raise that other employees received.  (*See id.* ¶ 32).  When Green was terminated from her position at R.J. Behar on August 25, 2009, she was told she was insubordinate and "not trainable."  (*Id.* ¶ 33).

In Count "C" of her Complaint, Green claims R.J. Behar violated the FMLA by discouraging her from taking FMLA leave, interfering with her right to take FMLA leave, and by firing her for taking leave.  (*See id.* ¶¶ 50-53).  In its Motion, R.J. Behar maintains Count "C" of Green's Complaint fails because R.J. Behar is not an "employer" and Green is not an "eligible employee" under the FMLA.  (*See* Mot. 1).

## II.  LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The Court "must

Case No. 09-62044-CIV-ALTONAGA/Brown

view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (citation omitted).

"'For factual issues to be considered genuine, they must have a real basis in the record.' For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. ANALYSIS

Green alleges R.J. Behar is subject to the FMLA because "[a]t all relevant times, RJ Behar [sic] employed more than fifty employees." (*See* Compl. ¶ 11). R.J. Behar asserts it is not subject to the FMLA because it did not employ the requisite number of employees during the relevant time periods designated by statute. (*See* Mot. 5). In support of its Motion, R.J. Behar provides a Declaration by its President and Chief Executive Officer, Robert J. Behar, and copies of the

Case No. 09-62044-CIV-ALTONAGA/Brown

"Employer's Quarterly Report" listing the names of its employees and filed with the State of Florida's Department of Revenue for 2006 through 2009. (*See* Def. R.J. Behar & Co., Inc.'s Am. Statement of Material Facts ("Def.'s Statement") [D.E. 38], Ex. A).

In her Response [D.E. 39], Green maintains (1) there has not been adequate time for discovery to reveal the true number of employees, and (2) evidence exists sufficient to create a genuine issue of material fact as to whether R.J. Behar employs at least 50 persons. (*See* Resp. 2-3). In addition to her Declaration, Green provides copies of relevant pages of R.J. Behar's Employee Policy Manual and a letter addressed to Green from Robert J. Behar, dated March 30, 2009. (*See* Pl.'s Statement of Material Facts ("Pl.'s Statement") [D.E. 40], Ex. A).[1] Also offered by Green is the Declaration of Jack Nichols ("Nichols") attesting to the veracity of a letter from S. Elysha Luken ("Luken") (counsel to R.J. Behar) to Bruce Coane (counsel to Green) dated March 30, 2009, and email correspondence on March 31, 2009 from Luken to Nichols. (*See id.*, Ex. B).

"In order to establish a prima facie case under the FMLA, [a plaintiff] must show that '(1) she availed herself of a protected right; (2) she suffered an adverse employment decision; and (3) there is a causal connection between the protected activity and the adverse employment decision.'" *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000) (quoting *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000) (per curiam)). At issue here is whether Green can establish the first element of an FMLA violation – that she is entitled to a protected right under the FMLA. To do that, Green must show that R.J. Behar was obligated to provide FMLA benefits to its employees.

---

[1] Green's Statement of Material Facts fails to conform to S.D. Fla. L.R. 7.5(C) because it does not correspond with the order and paragraph numbering system employed by R.J. Behar nor does it separately number any additional facts that Green contends are material.

4

Case No. 09-62044-CIV-ALTONAGA/Brown

The FMLA requires some employers to provide an "eligible employee" up to twelve weeks of unpaid, job-protected leave for, among other events, "a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  An "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).  As defined by the FMLA, an "employer" is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  29 U.S.C. § 2611(4)(A)(i).  "In order to recover under the FMLA, a plaintiff must demonstrate that her employer hired at least 50 employees at, or within a 75-mile radius of, plaintiff's worksite." *Paleologos v. Rehab Consultants, Inc.*, 990 F. Supp. 1460, 1468 (N.D. Ga. 1998).

The leave of absence taken by Green occurred in calendar year 2009. (*See* Compl. ¶ 30).  To determine whether R.J. Behar is subject to the FMLA, the relevant years are 2009 (the "current" year) and 2008 (the "preceding calendar year").  29 U.S.C. § 2611(4)(A)(i).  The business records provided by R.J. Behar show that at no time did R.J. Behar employ more than 49 employees during 2009 or 43 employees during 2008. (*See* Def.'s Statement ¶¶ 1-2, Ex. A ¶ 4).  Therefore, R.J. Behar is not subject to the FMLA.

Green maintains she has not had adequate time for discovery. (*See* Resp. 2).  This assertion fails to persuade, as she filed the suit on December 29, 2009, and by February 10, 2010, both Defendants had appeared.  Green does not address what discovery she has undertaken to date, nor

Case No. 09-62044-CIV-ALTONAGA/Brown

what discovery she attempted when she received the present Motion on April 5 alerting her to the issue of the insufficient number of employees at R.J. Behar.

Moreover, Green has not availed herself of the appropriate remedy under Rule 56(f) of the Federal Rules of Civil Procedure, which allows a party to "show[] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" and to "seek a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken . . . ." FED. R. CIV. P. 56(f). "[T]he nonmovant 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts' . . . ." *Wallace v. Brownell Pontiac-GMC Co., Inc.* 703 F.2d 525, 527 (11th Cir. 1983) (citation omitted). Green fails to present "'specific facts explaining the inability to make a substantive response as required by rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable [her], by discovery of other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Wingster v. Head*, 318 F. App'x 809, 813 (11th Cir. 2009) (citation omitted). Green cannot merely claim inadequate discovery to overcome summary judgment.

Green also offers in her Declaration three statements to rebut R.J. Behar's assertion it is not subject to the FMLA. First, Green states she "took a leave of absence under the Family and Medical Leave Act (FMLA)." (Pl.'s Statement, Ex. A ¶ 3). Second, she maintains "RJ Behar [sic] had a policy regarding FMLA leave" as evidenced by extracts from the Employee Policy Manual. (*Id.*, Ex. A ¶ 4). And finally, Green states she "was asked to submit proof that [she] was qualified for leave under the FMLA" and offers as evidence a letter from Robert J. Behar. (*Id.*, Ex. A. ¶ 5).

6

Case No. 09-62044-CIV-ALTONAGA/Brown

The relevant excerpt of the Employee Policy Manual under "Absence Without Pay (Leave of Absence)" states, "It is the policy of the Company to consider requests for leaves of absence without pay on an individual basis and *in accordance with* governmental regulations (FMLA and local ordinances).  If you have been employed at least a year, and worked a minimum of 1,250 hours in that period, you *may* be eligible under the FMLA . . . ."  (*Id.*, Ex. A, App. 1, 1) (emphasis added). While the policy states the company will abide by government regulations, it does not establish that R.J. Behar is subject to the FMLA.  Moreover, eligibility language throughout the policy is clearly tentative, employing the word "may" and not "shall."

The letter from Robert J. Behar to Green also fails to establish R.J. Behar is subject to the FMLA.  (*See id.*, Ex. A, App. 2).  Nowhere in the letter is the FMLA referenced or relied upon; all references are to "the Company policy."  (*Id.*).  Finally, Green provides no evidence to substantiate her assertion she was granted FMLA leave by R.J. Behar.  The correspondence from R.J. Behar's legal counsel discusses Green's failure to "conform with the employer's policy on unpaid leave in this instance, nor with generally accepted FMLA medical certifications" and suggests that eligibility for unpaid leave is established by R.J. Behar in a manner similar to the FMLA requirements, but it does not state that R.J. Behar is subject to the FMLA.  (*Id.*, Ex. B, App. 1, 2).

Finally, Green provides no authority – statutory, regulatory or case law – for her implicit suggestion that R.J. Behar is estopped from denying her FMLA coverage.  Noteworthy is the fact that the Eleventh Circuit has not applied the estoppel doctrine to the FMLA.  *See Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 797 n.4 (11th Cir. 2000); *see also Hegre v. Alberto-Culver USA, Inc.*, No. CV 105-031, 2007 WL 1481896, at *1 n.1 (S.D. Ga. May 15, 2007); *Pennant v.*

7

Case No. 09-62044-CIV-ALTONAGA/Brown

*Convergys Corp.*, 368 F. Supp. 2d 1307, 1313 (S.D. Fla. 2005). Moreover, even if R.J. Behar opts to provide FMLA-like benefits to its employees, it cannot be found in violation of the FMLA. While a company may provide more benefits to its employees than required by law, "[c]ourts have uniformly held that such voluntary policies . . . do not create nor can they be the basis for an FMLA cause of action." *Cabrera v. Baycare Healthsystem, Inc.*, No. 8:08-cv-2456-T-33MAP, 2010 WL 1627134, at *1 (M.D. Fla. April 10, 2010) (citations omitted).

Green cannot sustain a claim against R.J. Behar for violation of the FMLA because she has not provided evidence to show she is entitled to the rights offered by the FMLA. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (explaining summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). For this reason, summary judgment must be granted to R.J. Behar on Count "C" of the Complaint.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant, R.J. Behar & Company, Inc.'s Motion for Partial Summary Judgment as to Plaintiff's Claim Under the FMLA (Count "C") **[D.E. 36]** is **GRANTED**.

Case No. 09-62044-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of May, 2010.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

9