## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-62044-CIV-ALTONAGA/Brown

**JENNIFER GREEN**,

      Plaintiff,

vs.

**RJ BEHAR & COMPANY, INC.**
and **SALVADOR SUAREZ**,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendant, R.J. Behar & Company, Inc.'s Motion

to Dismiss Counts "D," "E" and "F" of Plaintiff's Second Amended Complaint ("Motion") [D.E.

34], filed on April 5, 2010.  The Court has carefully considered the parties' written submissions, the

record, and applicable law.

### I.  BACKGROUND[1]

This case arises from a series of events that culminated in the employment termination of

Plaintiff, Jennifer Green ("Green"), by Defendant, R.J. Behar & Company, Inc. ("R.J. Behar").

Green filed suit against R.J. Behar for retaliation (Count "A") and sex discrimination (Count "B")

under Title VII, 42 U.S.C. §§ 2000e-2-3; violation of the Family and Medical Leave Act ("FMLA"),

29 U.S.C. §§ 2601-2654 (Count "C");[2] assault (Count "D"); battery (Count "E"); and negligent

retention and supervision (Count "F").  (*See* Pl.'s Second Am. Compl. ("Complaint") [D.E. 25] ¶¶

---

[1]  The allegations of the Plaintiff's Second Amended Complaint are taken as true.

[2]  Summary judgment was granted to R.J. Behar on Count "C," violation of the FMLA.  (*See* Order
[D.E. 46], filed on May 4, 2010).

Case No. 09-62044-CIV-ALTONAGA/Brown

40-68).  She also alleges assault and battery against Defendant, Salvador Suarez, an employee of R.J. Behar.  (*See id.* ¶¶ 56-65).  Only Green's claims against R.J. Behar for assault, battery, and negligent retention and supervision are at issue here.

Green began her employment as a receptionist with R.J. Behar on March 6, 2006.  (*See id.* ¶¶ 7-8).  Shortly after starting her job and through January 7, 2009, she was subject to numerous incidents of unwanted solicitations, and inappropriate touching and harassment of a sexual nature by Suarez, a computer technician employed by R.J. Behar.  (*See id.* ¶¶ 13-27).  In her Complaint, Green describes a litany of specific incidents that occurred in the office environs.  (*See id.*).  Green complained to the company about Suarez's behavior on four occasions: in June 2006, April and September 2007, and February 2009.  (*See id.* ¶ 28).  After each complaint, Suarez's bad behavior would stop for a time, but begin again about a month later.  (*See id.*).  R.J. Behar was also aware Suarez had engaged in similar behavior toward another employee, Marianna Urdaneta ("Urdaneta"), in October 2006, but "failed to take any action . . . which would have prevented [Suarez] from committing similar acts to other employees . . . .  (*Id.* ¶ 29).

While on a medical leave of absence from her employment from February until May 2009, Green filed a complaint alleging sexual harassment and discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.  (*See id.* ¶¶ 30-31).  Upon her return, R.J. Behar retaliated against her by moving her desk, removing her responsibilities and reassigning her to other tasks without adequate training, and denying her a raise that other employees received.  (*See id.* ¶ 32).  Green was terminated from her position at R.J. Behar on August 25, 2009.  (*Id.* ¶ 33).

2

Case No. 09-62044-CIV-ALTONAGA/Brown

In Counts "D" and "E" of her Complaint, Green claims R.J. Behar ratified Suarez's assault and battery, and is therefore liable for assault and battery. (*See id.* ¶¶ 58-59, 63-64). In Count "F" Green also alleges R.J. Behar is liable for negligent retention and supervision because R.J. Behar (1) was aware of Suarez's prior behavior; (2) had a duty to protect her; and (3) breached that duty, which resulted in Green's injuries and damages. (*See id.* ¶¶ 66-68). In its Motion and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, R.J. Behar moves to dismiss the three counts for failure to state a claim. (*See* Mot. 1).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, No. 06-15851, 2009 WL 2431463, at *4 (11th Cir. Aug. 11, 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

3

Case No. 09-62044-CIV-ALTONAGA/Brown

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 2009 WL 2431463, at *3 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for purposes of testing the sufficiency of the allegations.").

### III.  ANALYSIS

R.J. Behar seeks dismissal of the assault, battery and negligent retention and supervision claims of Green's Amended Complaint for failure to state a claim on which relief can be granted. (*See* Mot. 1). The claims for assault and battery are discussed together because, as intentional torts, the analysis is the same.

### A.      Counts "D" and "E":  The Assault and Battery Claims

R.J. Behar maintains Green fails to state claims for assault and battery against it because Green does not allege facts that would establish Suarez committed the intentional torts within the scope of his employment. (*See id.* 4-6). In its Motion, R.J. Behar mistakenly assumes Green is proceeding on a vicarious liability theory, which holds an employer liable for the intentional torts of its employee when the "employee was acting within the scope of his employment at the time he committed the tort." *Carter v. America Online, Inc.*, 208 F. Supp. 2d 1271, 1278 (M.D. Fla. 2001).

In her Response, Green maintains her intentional tort claims against R.J. Behar proceed not on vicarious liability, but on the theory of "ratification." (*See* Resp. 3-4). In her Complaint, Green

4

Case No. 09-62044-CIV-ALTONAGA/Brown

alleges "RJ Behar [sic] *ratified* Salvador Suarez's" intentional torts.  (*See* Compl. ¶¶ 58, 63) (emphasis added).  To support her ratification theory, Green cites a single statement defining "ratification" from *G & M Rests. Corp. v. Tropical Music Serv., Inc.*, 161 So. 2d 556, 557 (Fla. 2d DCA 1964).  (*See* Resp. 4).  "'Ratification . . . is the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another without authority.'"  *G & M Rests. Corp.*, 161 So. 2d at 557 (citations omitted).

Green's Response is not helpful in establishing the sufficiency of her claims because *G & M Rests. Corp.* is not on point;  the facts in that case are clearly distinguishable from the current matter. *G & M Rests. Corp.* involved the payment of a debt between two businesses and attempted service of process.  *See id.* at 556-57.  It did not involve holding an employer liable for the intentional torts committed by its employee through a theory of ratification.  Moreover, "it is universally held that '[i]t is always necessary, in order to have an effective ratification, that there shall be an intention on the part of the purported principal to ratify the act in question.'"  *Id.* at 558 (citations omitted).  In her Complaint, Green does not allege R.J. Behar had the requisite intent to ratify the acts of Suarez. For these reasons, she fails to state legally sufficient claims against the company for assault and battery.

**B.     Count "F":  The Negligent Retention and Supervision Claim**

R.J. Behar also maintains Green fails to state a claim for negligent retention and supervision because she (1) does not allege that Suarez's intentional torts were outside the scope of his employment and (2) merely alleges a formulaic recitation of the elements of negligent retention and supervision.

A cause of action for negligent hiring, retention and supervision is well-established in Florida. *See Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954) (adopting the doctrine underpinning negligent supervision). "[A]n employer is liable for the willful tort of his employee committed against a third person if he knew or should have known that the employee was a threat to others." *Tallahassee Furniture Co., Inc. v. Harrison*, 583 So. 2d 744, 750 (Fla. 1st DCA 1991) (quoting *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238, 1239-40 (Fla. 2d DCA 1980). "Liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006) (citing *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986)).

Green makes out a sufficient claim for negligent retention and supervision. She alleges numerous intentional torts by Suarez of which R.J. Behar knew or should have known given both Green's notifications and the notice provided by Urdaneta in October 2006. (*See* Compl. ¶¶ 13-29). She also alleges R.J. Behar failed to take "further action" to protect her, which resulted in her injuries and damages. (*Id.* ¶¶ 66-67). Her litany of allegations is not merely formulaic; it states a sufficient claim under Florida law.

R.J. Behar relies on *Gillis v. Sports Authority, Inc.*, 123 F. Supp. 2d 611, 617 (S.D. Fla. 2000), for the proposition that a plaintiff must specifically plead the bad-actor employee was "acting outside of the scope and course of his employment" in a claim for negligent retention and supervision. That reliance is misplaced for several reasons. First, *Gillis* is not directly on point. The negligent hiring, supervision and retention claim in *Gillis* arose when a blind employee sued his prospective employer for the wrongful actions of a store manager and others under the Americans

Case No. 09-62044-CIV-ALTONAGA/Brown

with Disabilities Act for failing to place the plaintiff in the job for which he was hired. (*See id.* 613-14). A careful reading of the facts indicate the allegations were unclear as to whether the store employees were acting on their own or at the direction of the company. (*See id.*). More importantly, the court dismissed the claim for two reasons. Not only did Gillis fail to plead the scope of employment issue – an issue that could have gone either way, but he also failed to allege whether the employer knew or should have known of the employees' "unfitness or their predisposition to committing disability discrimination." *Id.* at 617-18.

Second, Florida law is not all that clear that "outside the scope of employment" is a necessary element of negligent hiring, retention and supervision. In distinguishing between the doctrine of respondeat superior and vicarious liability, and the theory of negligent hiring or retention, courts have considered the "scope of employment" issue. *See*, *e.g.*, *Anderson Trucking Serv., Inc. v. Gibson*, 884 So. 2d 1046, 1052, n.1 (Fla. 5th DCA 2004) (citations omitted). While it is clear that under the doctrine of respondeat superior the employee must be acting within the scope of employment, "negligent hiring *may* encompass liability for negligent acts that are outside the scope of employment." *Id.* (emphasis added); *see also Burke v. R.B. Baker Construction, Inc.*, No. 3:04-CV-1091-J-32TEM, 2005 WL 2077308, *2 (M.D. Fla. Aug. 29, 2005) (stating "Florida law recognizes a claim for negligent supervision even where the employee's underlying tort is committed outside the course and scope of employment.") (citations omitted).

Third, even if "acting outside the scope of employment" is an element of a negligent hiring, retention and supervision claim, the allegations made out by Green provide ample support to establish that Suarez was acting outside the scope of his employment. He is a computer technician;

Case No. 09-62044-CIV-ALTONAGA/Brown

Green was a receptionist.  (*See* Compl. ¶¶ 8, 13).  It is difficult to imagine a scenario in which the acts allegedly undertaken by Suarez would ever fall *within* the scope of Suarez's employment as a computer technician.  *Iqbal*, 129 S. Ct. at 1950 (stating the court may be required "to draw on its judicial experience and common sense").

For these reasons, Green has sufficiently pleaded her claim of negligent retention and supervision.

### IV.  CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that

1.  Defendant, R.J. Behar & Company, Inc.'s Motion to Dismiss Counts "D," "E" and "F" of Plaintiff's Second Amended Complaint ("Motion") [D.E. 34] is **GRANTED in part** and **DENIED in part.**

2.  Counts "D" and "E" of Plaintiff's Second Amended Complaint are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of May, 2010.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

8